REQUESTED BY: Senator Glenn A. Goodrich Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Goodrich:
In your letter of May 3, 1982, you call our attention to the amendment of Neb.Rev.Stat. § 77-2704 (Supp. 1981) effected by LB 278. This amendment provides that when a written contract exists for a fixed price for a construction, reconstruction, alteration, or improvement project and the sales tax rate is increased during the term of the contract, the contractor may apply for a refund of the increased taxes paid for the purchase of materials incorporated into the project. This bill was passed without the emergency clause and will become effective July 17, 1982.
LB 757 was passed with the emergency clause, was approved by the Governor on April 14, 1982, and became effective on that date. It increased the sales tax rate from 3 percent to 3 1/2 percent. Your question is whether the refund provisions of LB 278 apply to the tax increase provided for by LB 757. You request the opinion because it will influence your decision as to whether you will propose further amendments at the next session of the Legislature. We conclude that such refund provisions do not apply.
In Wheelock Manning OO Ranches, Inc. v. Heath,201 Neb. 835, 272 N.W.2d 768 (1978), the court said: `A legislative act will operate only prospectively and not retrospectively, unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed.' In our opinion, the event that triggers the operation of LB 278 is an increase in the sales tax rate. If the event occurs before LB 278 is effective, it cannot, in our opinion, act as such a trigger, unless LB 278 is construed retrospectively. There is no language in the bill to justify such a construction.
We point out that were we to hold that the tax increase mandated by LB 757 were to be the basis for a refund, there would be contracts which would be completely finished during the period from April 14, 1982, to July 17, 1982, and yet would qualify for the refund. If this were true, any tax increases within the period of the statute of limitations for applying for a refund would also be a basis for such a refund. (We realize that, historically, there have been no such increases during that period, but we cannot base our construction of statutory language on such an historical fact.)
We could, perhaps, construe LB 278 to require the contract to be entered into subsequent to the effective date of the bill. We do not do so, because of the language of the amendment, which speaks of `when a contract exists,' which could include a contract existing on the effective date of the act. On the other hand, the amendment speaks of when `the sales tax is increased,' which gives more of a sense of future action. Retrospective application would be more appropriately expressed by such language as `the sales tax has been, or is, increased.'
Therefore, while the language of LB 278 is not entirely clear as to the legislative intention, we conclude that there is no language showing an intent to give the bill retrospective effect, and that the tax increase must occur after the effective date of the bill, although the contract may have been entered into before that date.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General